Jessie James SMITH, Petitioner,

v.

Kaffie Marie SMITH, Respondent.

No. B-5981.

Supreme Court of Texas.

Dec. 1, 1976.

Rehearing Denied Dec. 31, 1976.

John L. Fulbright, Beaumont, for petitioner.

Adams & Browne, Ernest J. Browne, Beaumont, for respondent.

STEAKLEY, Justice.

This is a divorce case in which we have jurisdiction because the Court of Civil Appeals held differently from prior decisions of this Court in the respects later shown. See Articles 1821 and 1728.[1]

Petitioner, Jessie James Smith, was the defendant in his wife's suit for divorce and for other relief. He filed responsive pleadings but did not appear personally or by counsel at the hearing on the merits. The trial court rendered judgment granting the divorce and awarding the wife custody of the minor child. Further, the judgment partitioned the community property and awarded the wife certain assets claimed to be her separate property. The judgment contained this recitation: "[a]nd came the Plaintiff in person and by her attorney of record and the Defendant was duly cited and his attorneys of record filed answers herein, and due notice had been given of the setting of this case to all parties and said cause was duly and regularly set for trial, and said cause was duly set on the non-jury docket; and a jury being waived; and the Court proceeded to hear the pleadings, evidence and argument of counsel and being of the opinion that the allegations of the Plaintiff's petition and her applications are true and correct and that she is entitled to a divorce; it is therefore, . . . ."

Petitioner prosecuted an appeal by writ of error from this judgment. See Articles 2255 and 2249a. He filed a motion for a statement of facts and a hearing was held. As stated by the Court of Civil Appeals:

"In the case at bar, it was shown that the official court reporter did not participate in the hearing and was unable to furnish a statement of facts and the trial judge stated into the record that he had no independent memory of the facts adduced and could not (and would not) attempt to prepare a narrative statement of facts."

Notwithstanding, the Court of Civil Appeals ruled that this showing of Petitioner's inability to obtain a statement of facts did not entitle him to a reversal of the judgment. The rationale of the court was that the alleged invalidity of the judgment is not disclosed by the papers on file in the case; and, further, that Petitioner had not alleged a meritorious defense or explained his failure to appear at the hearing on the merits. 535 S.W.2d 380.

In *Victory v. Hamilton,* 127 Tex. 203, 91 S.W.2d 697 (1936), the trial court instructed a verdict for the defendants in the trial of a suit in trespass to try title and for damages. All parties participated in the trial with a court reporter present. The plaintiffs prosecuted an appeal for writ of error and it was shown that they were unable to obtain a statement of facts because of the death of the court reporter before transcribing his notes. This Court affirmed a reversal and remand of the cause by the Court of Civil Appeals. We held in that appeal for writ of error that a litigant's right to have the case reviewed on appeal can be preserved in no other way than by a retrial of the case if after diligence he is unable to procure a statement of facts. The writ of error in our practice is but another mode of appeal. *Smith & Janes v. Gerlach, et al.,* 2 Tex. 424 (1847).

---

1. All references are to Texas Revised Civil Statutes Annotated.

See also *Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965). In *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972), we held that if an appealing party exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way. See also *Wallace v. Snyder National Bank,* 527 S.W.2d 485 (Tex.Civ.App.1975, writ ref'd n. r. e.); *Fitz v. Toungate,* 419 S.W.2d 708 (Tex.Civ.App.1967, writ ref'd n. r. e.); *Dugie v. Dugie,* 511 S.W.2d 623 (Tex.Civ. App.1974, no writ).

In *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961), we held that relief may be obtained by prosecuting writ of error to the Court of Civil Appeals where the invalidity of the judgment of the trial court is disclosed by the papers on file in the case. In *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.,* 514 S.W.2d 247 (Tex.1974), we refused writ of error and wrote:

> Our action is not to be interpreted as approving that portion of the opinion of the Court of Civil Appeals stating that the parties appealing by way of writ of error to the Court of Civil Appeals under Article 2255, V.A.C.S., must show that they were not negligent in suffering default judgment to be rendered against them or that they have a meritorious defense to the plaintiff's action which they were prevented from making by fraud, accident or wrongful act of the opposite party. This Court, in *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961), held that a party appealing to the Court of Civil Appeals by writ of error within six months of final judgment may obtain relief if the invalidity of the judgment is disclosed by the papers on file in the case.

It is thus apparent that the holding of the Court of Civil Appeals here is in conflict with the decisions of this Court reviewed above, and that conflict jurisdiction has been shown. Following these precedents, we rule that Petitioner has established his right to a retrial of this case because of his inability to procure a statement of facts; that in such respect the invalidity of the judgment from which he appealed by writ of error is disclosed by the papers on file in the case; and that the Court of Civil Appeals was in error in affirming the judgment.

Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded to the trial court.