Ramiro **GARCIA**, Appellant,

v.

Mike **KELLY** d/b/a Mike's Vinyl Tops, Appellee.

No. 1340.

Court of Civil Appeals of Texas, Corpus Christi.

April 13, 1978.

William E. Corcoran, Cardenas & Whitis, McAllen, for appellant.

Richard C. Arroyo, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

Involved in this appeal is a motion to reverse a default judgment and to remand the cause for a new trial. Plaintiff, Mike Kelly, d/b/a Mike's Vinyl Tops, hereafter called appellee, filed this suit against defendant, Ramiro Garcia, hereafter referred to as appellant, on July 7, 1977. Appellant did not answer. On November 1, 1977, appellee moved for a default judgment in this matter. A default judgment was rendered on November 3, 1977.

Appellant appeals by writ of error. He seeks a reversal and remand because he is unable to obtain a statement of facts in this particular default judgment case.

The judgment of the trial court recites that the appellant did not answer or appear at the hearing which resulted in the rendition of the default judgment. The judgment further recites that the court heard evidence. The trial judge, in an affidavit dated February 14, 1978, stated that "no court reporter was present as there is no official court reporter in the County Court at Law and the attorney appearing on behalf of Plaintiff/Appellee did not request or provide a court reporter for the transcription of testimony". In another affidavit by the trial judge, dated March 7, 1978, it was stated that he "had no independent recollection of the testimony offered at the trial", and that "a court reporter is provided when a party in an action before the court requests a court reporter".

If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial should be granted in order to preserve his right to review. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd); *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.Sup.1976); *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.Sup. 1972).

If the appellant was not present and was not represented by counsel when the testimony was taken, and he later discovers that no record was made, the lack of a record cannot reasonably be waived. *Morgan Express, supra,* at 314. Moreover, "An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts". *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex.Sup.1978).

Accordingly, we find that appellant has exercised due diligence and through no fault of his own is unable to obtain a statement of facts. We hold that the recitations in the judgment and the statements contained in the affidavits of the trial judge compel us to reverse the judgment of the trial court and to remand the cause. Appellant's motion to reverse and remand is granted.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.