**Garrett Clyde MILLER, Appellant,**

v.

**Charlotte Elaine MILLER, Appellee.**

**No. 16004.**

Court of Civil Appeals of Texas, San Antonio.

July 12, 1978.

Henry W. Christopher, Jr., Johnson & Christopher, San Antonio, for appellant.

Don McManus, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a divorce suit brought by appellee, Charlotte Elaine Miller, against appellant, Garrett Clyde Miller. Appellant did not answer or appear and on March 28, 1977, the trial court entered a default judgment. Thereafter, on April 26, 1977, the trial

court, in response to appellee's motion for partial new trial, entered an order granting a partial new trial as to the division of community property, debts, and attorneys' fees. On May 11, 1977, the trial court entered a new decree of divorce finding that a divorce was granted between the parties on March 28, 1977; entered additional orders as to the division of property more favorable to appellee; and decreed that appellant pay certain attorney's fees to appellee's attorney. Both the March 28, 1977, judgment and the May 11, 1977, judgment recite that appellant was duly and legally served with process but failed to appear and wholly made default. Such judgments further recite that the court heard evidence.

This case is before us without a statement of facts.

Appellant's first point of error complains that the trial court erred in making no record of the proceedings, which precluded him from obtaining a statement of facts. Appellant's other point of error complains that, after entering a default judgment on March 28, 1977, the trial court erred in granting a partial new trial and entering another default judgment on May 11, 1977, when no notice of such hearing had ever been provided to appellant.

Appellee has filed a motion to dismiss the appeal, which we will first consider.

Such motion to dismiss is premised on appellee's contention that appellant has voluntarily accepted certain benefits under the judgment and has waived his right to appeal. In support of such contention, she alleges that (1) appellant transferred a TV Appliance Store which was awarded to him in the May 11 decree; and (2) appellant pledged as security a promissory note which was awarded to him in such decree. Appel-

lant denies that he has voluntarily accepted any benefits under such judgment.

■ As a general rule, a litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment he cannot afterward prosecute an appeal therefrom. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950); *Trader v. Trader*, 531 S.W.2d 189 (Tex.Civ.App.—San Antonio 1975, writ dism'd). There are certain exceptions to this rule as set forth in *Carle v. Carle, supra*, and *McCartney v. Mead*, 541 S.W.2d 202 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). The problem here involved is that this case is before us without a statement of facts. Appellee alleges on this appeal that appellant has voluntarily accepted the benefits under the judgment and appellant alleges that he has not. Under the record before us, there is no evidence of the acceptance of any benefits under the judgment. Certainly, there is no showing in the record of an intentional acquiescence in the judgment by voluntarily accepting benefits thereunder.

Appellee's motion to dismiss is denied.

■ We will next consider appellant's point of error asserting that no official court reporter attended the trial and that no notes were taken of the evidence, which prevented him from obtaining a statement of facts.

There are a number of recent cases which are pertinent in this regard. *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978); *Smith v. Smith*, 544 S.W.2d 121 (Tex. 1976); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex. 1972); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App. —Dallas 1975, writ ref'd).[1]

1. In *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd), appellant was served with citation but failed to file an answer or appear, and a default judgment was taken against it. On appeal, appellant requested a statement of facts, but the official court reporter certified that he was not at the hearing and none was made. The Dallas Court of Civil Appeals reversed and remanded the case, holding that (a)

if appellant was not present and not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be deemed as waived; (b) an appellant who was not present and who was not represented when the testimony was taken is in no position to agree with his opponent concerning the substance of the testimony, and neither should he be required to rely on the unaided memory of

A late case, *Garcia v. Kelly*, 565 S.W.2d 112 (Tex.Civ.App.—Corpus Christi 1978), is basically similar to the case before us. Defendant did not appear or answer in such case and a default judgment was taken. Appellant (defendant below) sought a reversal and remand because he was unable to obtain a statement of facts due to the absence of a court reporter.[2] The Corpus Christi Court of Civil Appeals reversed and remanded the case for a new trial, saying:

If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial should be granted in order to preserve his right of review. [citations omitted].

If the appellant was not present and was not represented by counsel when the testimony was taken, and he later discovers that no record was made, the lack of a record cannot reasonably be waived. [citations omitted]. Moreover, 'An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts'. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.Sup. 1978).

We consider *Garcia* directly in point. Under the holdings of *Morgan Express, Inc. v. Elizabeth-Perkins, Inc., supra, Rogers v. Rogers, supra,* and *Garcia v. Kelly, supra,* this case must be reversed and remanded for a new trial. We do not deem it necessary to discuss appellant's second point of error.

The judgment of the trial court is reversed and remanded for a new trial.

the trial judge. This case contains an excellent discussion of Art. 2324, Tex.Rev.Civ.Stat.Ann. (1971), which requires the official court reporter to attend all court sessions and take shorthand notes.

Subsequent to *Morgan Express, supra,* the legislature amended Art. 2324 by adding the words, "upon request." This amendment was construed by the Austin Court of Civil Appeals in *Rogers v. Rogers*, 541 S.W.2d 471 (Tex.Civ. App.—Austin 1977, writ granted). In *Rogers,* the husband did not file an answer and did not appear in court either personally or by counsel. The court reporter did not make any notes of the testimony and consequently the husband was unable to obtain a statement of facts, which was the basis of his sole point of error. The court discusses *Morgan Express, supra,* and held that the amendment of Art. 2324 eliminated the basis for the holding in *Morgan Express* and that Art. 2324, as amended, no longer places a mandatory duty upon the court reporter to attend all sessions of court and take notes of the testimony offered, but instead the court reporter is burdened with that duty only after request of counsel or a party.

The Supreme Court granted writ of error in *Rogers* and rendered an opinion reversing and remanding the *Rogers* case for a new trial. *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978). The Supreme Court pointed out that the holding of the Court of Civil Appeals in *Rogers* conflicted with *Smith v. Smith*, 544 S.W.2d 121 (Tex. 1976). Both *Smith* and *Rogers* were divorce cases, and the Supreme Court, in *Rogers,* discussed in some detail the applicable provisions of the Tex. Family Code. The Supreme Court noted some procedural and factual differences in *Smith* and *Rogers,* one of which was that, in *Smith,* the petitioner filed responsive pleadings but did not appear personally or by counsel at the hearing on the merits, while in *Rogers,* the appellant neither appeared nor answered; but in both cases, the court reporter did not attend the trial. The court stated that the procedural and factual differences were without materiality or significance, and that the residual and controlling facts in *Rogers* and *Smith* corresponded, in that, in both cases the appealing party was unable to obtain a statement of facts from the official court reporter because the court reporter did not attend the trial of the case. The Court then said:

However, the Court of Civil Appeals misapprehends the purport of *Smith* as it rests upon neither Art. 2324 nor Family Code § 11.14(d). The *Smith* opinion applies and reaffirms the rule in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex. 1972), that says: '. . . if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.'

2. The record reflected that no court reporter was present and that there is no official court reporter in the County Court at Law and that the attorney appearing on behalf of appellee did not request or provide a court reporter for the transcription of testimony.