John **PITTMAN**, Appellant,

v.

**BAPTIST MEMORIAL HOSPITAL SYSTEM and Ernest G. Sanchez**, Appellee.

No. 16054.

Court of Civil Appeals of Texas, San Antonio.

Oct. 25, 1978.

---

2. None of such guests are parties to this suit, and their rights, if any, are not here involved.

John C. Laye, Jr., John L. Ray, San Antonio, for appellant.

KLINGEMAN, Justice.

Baptist Memorial Hospital System filed suit against Ernest G. Sanchez for goods and services rendered plus attorney's fees. Sanchez generally denied all allegations and also filed a third-party action against John Pittman for allowing a group medical hospitalization policy to lapse. Pittman failed to answer or appear. The trial court entered judgment in favor of Baptist Memorial Hospital System against Sanchez in the amount of $2,277.68, plus attorney's fees in the sum of $500, and in favor of Sanchez against Pittman in the sum of $2,777.68. Pittman filed a motion for new trial which was overruled solely on the ground that it was not timely filed.

This case is before us without a statement of facts. Neither Baptist Memorial nor Sanchez have filed briefs herein.

Appellant Pittman asserts as points of error that (1) the trial court erred in overruling appellant's motion for new trial on the ground that such motion was not timely filed within the time allowed by the Texas Rules of Civil Procedure; (2) the trial court erred in overruling appellant's motion for new trial because, based on said motion, appellant is entitled to have the default judgment set aside; and (3) the appellant was unable to obtain a statement of facts because no court reporter was present at the trial of the cause.

As hereinabove recited, neither Baptist Memorial nor Sanchez has filed a brief in this appeal. Rule 419, Texas Rules of Civil Procedure, provides that any statement made by an appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party. *See also Howard v. Pullicino,* 519 S.W.2d 254 (Tex.Civ.App.— Austin 1975, no writ); *Farley v. Farley,* 503 S.W.2d 679 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.); *Horton v. County of Mills,* 468 S.W.2d 876 (Tex.Civ.App.—Austin 1971, no writ); *Trinity Universal Insurance Co. v. Weems,* 326 S.W.2d 302 (Tex. Civ.App.—Austin 1959, no writ).

It appears from the transcript that the judgment here involved was signed and entered December 29, 1977, and that appellant's motion for new trial was filed on January 9, 1978. Appellant correctly states

that the tenth day after judgment (January 8, 1978) was a Sunday and that since the motion for new trial was filed on Monday, January 9, 1978, the motion for new trial was timely filed under the Rules of Civil Procedure. Tex.R.Civ.P. 4 and 329b. Therefore, as to appellant's first point of error, the trial court erroneously held that the motion for new trial was not timely filed.

■ Appellant's third point of error complains that the trial court erred in making no record of the proceedings which precluded him from obtaining a statement of facts. There are a number of recent cases which are pertinent in this regard, including at least two decisions by this court. *Miller v. Miller,* 569 S.W.2d 592 (Tex.Civ.App.—San Antonio 1978, no writ); *Lloyd Hurt v. Marie Ewald, Guardian,* No. 15918 (Tex.Civ.

App.—San Antonio Mar. 22, 1978). *See also Rogers v. Rogers,* 561 S.W.2d 172 (Tex. 1978); *Smith v. Smith,* 544 S.W.2d 121 (Tex. 1976); *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972); *Garcia v. Kelly,* 565 S.W.2d 112 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App. —Dallas 1975, writ ref'd).[1]

*Garcia v. Kelly, supra,* is basically similar to the present case. Appellant, the defendant below, did not appear or answer in *Garcia,* and a default judgment was taken. Appellant sought a reversal and remand because he was unable to obtain a statement of facts due to the absence of a court reporter. The Corpus Christi Court of Civil Appeals reversed and remanded the case for a new trial, holding that:

1. In *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd), appellant was served with citation but failed to file an answer or appear, and a default judgment was taken against it. On appeal, appellant requested a statement of facts, but the official court reporter certified that he was not at the hearing and none was made. The Dallas Court of Civil Appeals reversed and remanded the case, holding that (a) if appellant was not present and not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be deemed as waived; (b) an appellant who was not present and who was not represented when the testimony was taken is in no position to agree with his opponent concerning the substance of the testimony, and neither should he be required to rely on the unaided memory of the trial judge. This case contains an excellent discussion of Article 2324, Tex.Rev.Civ.Stat. Ann. (Vernon 1971), which requires the official court reporter to attend all court sessions and take shorthand notes. On appeal from retrial of the issues, the case was reversed on grounds other than those cited herein. 554 S.W.2d 216 (Tex.Civ.App.—Dallas 1977, no writ).

Subsequent to *Morgan Express, supra,* the legislature amended Article 2324 by adding the words, "upon request." Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon Supp.1978). This amendment was construed by the Austin Court of Civil Appeals in *Rogers v. Rogers,* 549 S.W.2d 471 (Tex.Civ.App.—Austin 1977), *rev'd,* 561 S.W.2d 172 (Tex.1978). In *Rogers,* the husband did not file an answer and did not appear in court either personally or by counsel. The court reporter did not make any notes of the testimony and consequently the husband was

unable to obtain a statement of facts, which was the basis of his sole point of error. The court discusses *Morgan Express, supra,* and held that the amendment of Article 2324 eliminated the basis for the holding in *Morgan Express* and that Article 2324, as amended, no longer places a mandatory duty upon the court reporter to attend all sessions of court and take notes of the testimony offered, but instead the court reporter is burdened with that duty only after request of counsel or of a party.

The Supreme Court granted writ of error in *Rogers* and rendered an opinion reversing and remanding the *Rogers* case for a new trial. *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978). The Supreme Court pointed out that the holding of the Court of Civil Appeals in *Rogers* conflicted with *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976). Both *Smith* and *Rogers* were divorce cases, and the Supreme Court, in *Rogers* discussed in some detail the applicable provisions of the Texas Family Code. The Supreme Court noted some procedural and factual differences in *Smith* and *Rogers,* one of which was that, in *Smith,* the petitioner filed responsive pleadings but did not appear personally or by counsel at the hearing on the merits, while in *Rogers,* the appellant neither appeared nor answered. In neither case did the court reporter attend the trial. The court stated that the procedural and factual differences were without materiality or significance, and that the residual and controlling facts in *Rogers* and *Smith* corresponded, in that, in both cases the appealing party was unable to obtain a statement of facts from the official court reporter because the court reporter did not attend the trial of the case.

[if] an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial should be granted in order to preserve his right of review. [citations omitted].

If the appellant was not present and was not represented by counsel when the testimony was taken, and he later discovers that no record was made, the lack of a record cannot reasonably be waived. [citations omitted]. Moreover, 'An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts'. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.Sup.1978).

*Garcia v. Kelly*, 565 S.W.2d 112, 113 (Tex. Civ.App.—Corpus Christi 1978, no writ).

Although Baptist Memorial obtained a judgment against Sanchez, Sanchez did not file an appeal. Moreover, he has filed no brief herein. The record reflects that he is making no complaint as to the judgment entered against him. Under these circumstances, the judgment in favor of Baptist Memorial against Sanchez should be affirmed.

Pittman did not answer or appear in the original trial but timely filed a motion for new trial which was overruled. He timely filed an appeal herein. Because of the errors previously discussed, the judgment must be reversed as to Pittman.

Accordingly, the judgment in favor of Sanchez against Pittman is reversed and remanded for a new trial. The judgment against Sanchez in favor of Baptist Memorial is affirmed.