Melissa Ann **BLOOM**, Appellant,

v.

Dennis Lee **BLOOM**, Appellee.

No. 04–95–00906–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 27, 1996.

Sue T. Bentch, Supervising Attorney, Lisa A. Rodriguez, Student Attorney, St. Mary's Civil Justice Clinic, San Antonio, for appellant.

Ramiro Estrada, Jr., San Antonio, for appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Melissa Ann Bloom appeals by writ of error from the default judgment taken against her by Dennis Lee Bloom in their divorce proceeding. We dismiss Melissa's first five points of error, which complain that the trial court did not acquire personal jurisdiction over her, because she has accepted substantial benefits under the judgment she now attacks. As to her sixth and seventh points of error, which complain of the absence of subject matter jurisdiction, we affirm.

### I. FACTUAL BACKGROUND

On May 25, 1994, Dennis filed a petition for divorce from Melissa Ann Bloom. Soon thereafter, Melissa and the couple's son moved to Pennsylvania. On April 7, 1995, Dennis obtained a default Final Decree of Divorce. In the decree, the community property and debts were divided, Melissa and Dennis were made joint managing conservators of their child, and Dennis was ordered to pay child support of $300 per

month—twenty percent of his net monthly earnings of $1490. The decree also recites that, although "duly cited," Melissa "failed to appear and wholly made default." This statement appears to have been based upon the Sheriff's Return, which bears the notation "MELISSA A. BLOOM" in the top left-hand corner, as well as the docket number of the divorce proceeding; recites that personal service was made at the residence of the person to be served, 622 Shade Lane, Windber, Pennsylvania 15963,[1] on the person on February 23, 1995 at 10:00 a.m. The return is signed by Arthur K. Oleskey, Deputy Sheriff of Somerset County, Pennsylvania and notarized by Judith Lee Henderson, a notary in Somerset County, Pennsylvania. The return further states that Deputy Sheriff Oleskey "ma[de] known to such person the contents thereof."

On October 6, 1995, Melissa filed her "Special Appearance and Petition for Writ of Error," which alleges that the trial court acquired neither personal jurisdiction over her nor subject matter jurisdiction over the division of the community estate, custody, visitation, and support of the couple's minor child. Melissa's petition asked "that [the] judgment complained of (the 'Final Decree of Divorce') be vacated, and that this case be dismissed or, alternatively, remanded for hearing on [her] special appearance." Both parties filed briefs in this court on the issues raised in Melissa's petition, and the case was set for submission without oral argument.

After the case was submitted on briefs, Dennis filed a motion to dismiss Melissa's appeal on the ground that she has accepted substantial benefits under the divorce decree, including her share of their community property, relief from certain community debts, and the ordered child support payments, and is thereby estopped from prosecuting her appeal. Dennis' motion is supported by his affidavit, which is dated September 19, 1996, and states:

I am the Appellee in Cause No. 04–95–00906, styled Melissa Ann Bloom, Appellant, v. Dennis Lee Bloom, Appellee, in the Fourth Court of Appeals of Texas. Prior to my filing the petition for divorce in this action, my wife, Melissa Ann Bloom, and I discussed in detail the issues relating to our divorce, which included the division of community property and debts, and conservatorship of our son, Taylor. After lengthy discussions and negotiations, we reached an oral agreement on all the issues incident to our divorce. The agreement included a resolution to the issues of conservatorship, child support, and the division of all community property and the payment of all community debts.

My wife had decided to move with our son to Pennsylvania immediately, rather than waiting for our divorce to become final. She advised me to have my attorney send her the Final Decree of Divorce which was to include the terms of our agreement. She stated that she would sign it upon receipt and mail it back to my attorney.

It was agreed that she would leave for Pennsylvania and would send for the furniture and other property designated as hers in accordance with our agreement. I even agreed to help load the furniture on to a U–Haul and send it to her whenever she was ready for it. She moved to Pennsylvania, and, when she called for the furniture, I personally loaded the furniture on to the truck and sent it to her as stated above. I ended up paying the charges of transporting the furniture to her, although this was not part of our agreement.

From the time my wife left for Pennsylvania I made regular child support payments of $300.00 per month, pursuant to our agreement. As of this date, I have been paying child support to her for over two years without missing a payment. I made these payments to her in good faith and in accordance with our agreement incident to the divorce. Melissa has accepted every payment made to her and has never returned or refused any of these payments. From time to time Melissa also sends me medical bills incurred on behalf of my son requesting payment of one-half (1/2) of the total bill. Each time I have

---

**1.** In her brief in this court, Melissa asserts that her name is "Melissa Ann Bloom," and her address is "622 Shadey Lane, Windber, Pennsylvania 15963."

received such a bill I would immediately remit payment of one-half (1/2) of the charges.

All the terms of our agreement are contained in the Final Decree of Divorce, which is the subject of this appeal. Melissa has never refused to accept any of the benefits she has received pursuant to the terms of our agreement. However, Melissa has failed to comply and refuses to comply with any of the terms which would be to my benefit. I have not seen my son in nearly two years because Melissa refuses to allow me to exercise my court-ordered visiting privileges. On two separate occasions, with Melissa's knowledge, I traveled to Pennsylvania for the purpose of exercising my visitation privileges with my son. Both times she refused to allow me to see my son. Yet she has never returned or refused to accept any of the child support payments she has received over the last two years. She continues to accept the benefits she derives from the terms of the Decree of Divorce, but refuses to comply with any of the terms which are not to her benefit.

I have read the above and foregoing affidavit, and every statement contained therein is within my personal knowledge and true and correct.

Melissa responded to Dennis' motion and requested that we strike Dennis' motion as untimely or, alternatively, deny it. Melissa has not, however, denied actual notice of the divorce proceeding or controverted the facts recited in Dennis' affidavit.

## II. REQUISITES FOR PETITION FOR WRIT OF ERROR

■ "[T]o be entitled to reversal by writ of error, a party who did not participate at trial has six months in which to show error on the face of the record." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). In this case, the parties agree Melissa did not participate at trial, and she filed her petition within six months of the date the judgment was signed. The only element in contention is whether error is apparent on the face of the record. To make this determination, we consider all papers on file in the appeal, including the statement of facts.

*DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991).

## III. PERSONAL JURISDICTION

In her first five points of error, Melissa argues that the trial court never acquired personal jurisdiction over her because service was deficient in several respects, and she is not amenable to suit in Texas. We do not reach the merits of these points, however, because Dennis' motion to dismiss is dispositive as to personal jurisdiction.

■ As noted above, Dennis' motion is based upon the acceptance-of-benefits doctrine, which is well-settled in Texas. The Texas Supreme Court summarized the doctrine as follows:

A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of *Matlow v. Cox*, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that " * * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *."  . . . Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery. . . . The exception is narrow.

*Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950) (citations omitted). If the doctrine applies, the appeal is rendered moot, and the proper disposition is dismissal. *City of Mesquite v. Rawlins*, 399 S.W.2d 162, 164 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.); *see also Aycock v. Pannill*, 853 S.W.2d 161, 165 (Tex.App.—Eastland 1993, writ denied).

■ It is also well-established in Texas that the acceptance-of-benefits doctrine ap-

plies in equitable bill of review proceedings, as well as direct appeals. *See, e.g., Newman v. Link,* 889 S.W.2d 288, 289 (Tex.1994) (bill of review), *Carle,* 234 S.W.2d at 1003 (direct appeal); *Swearingen v. Swearingen,* 487 S.W.2d 784, 788 (Tex.Civ.App.—San Antonio 1972, writ dism'd) (bill of review). However, no court has expressly held the doctrine applies in a writ of error proceeding grounded upon defective service. Melissa thus argues that the doctrine does not apply in this proceeding. She also argues that Dennis' motion is untimely, his affidavit may not be considered, and she comes within the exception to the doctrine stated in *Carle.*

### A. Timeliness of Dennis' Motion to Dismiss

■ Melissa first argues that Dennis' motion to dismiss is untimely because it was not filed within thirty days after the filing of the transcript in this court, as required by Rule 71, TEX.R.APP. P., as construed in *De Lange v. Ogden,* 106 S.W.2d 385, 387–88 (Tex.Civ. App.—San Antonio 1937, writ dism'd). We disagree. This aspect of *De Lange* was implicitly overruled in *Baptist Mem. Hosp. Sys. v. Bashara,* 685 S.W.2d 352, 354 (Tex.App.— San Antonio 1984), *aff'd on other grounds,* 685 S.W.2d 307 (Tex.1985), in which this court considered and rejected the merits of Bashara's acceptance-of-benefits argument even though it was not raised until his reply brief. *Bashara,* 685 S.W.2d at 352; *see also, e.g., Aycock,* 853 S.W.2d at 163 (criticizing *De Lange* and holding that Rule 71 does not apply in this situation because estoppel by acceptance of benefits is not an "informalit[y] in the record" encompassed by Rule 71 and "[i]f Rule 71 were applicable to the acceptance of benefits doctrine, then it could always be defeated by an appellant who waited the appropriate time before accepting any benefits"). We therefore reject Melissa's argument and hold that Dennis' motion to. dismiss was timely.

### B. Propriety of Dennis' Affidavit

■ Melissa also argues that Dennis' affidavit is not properly before the court because it is outside the record, citing *Miller v. Miller,* 569 S.W.2d 592, 593 (Tex.Civ.App.—San

Antonio 1978, no writ). While we agree that the affidavit is outside the record, we disagree that it is not properly before us. In *Miller,* there was "no evidence of the acceptance of the benefits of the judgment." *Id.* In this case, on the other hand, there is evidence—Dennis' affidavit. The question is whether we may properly consider it.

A petition for writ of error is " 'but another mode of appeal.' " *Texaco, Inc. v. Central Power & Light Co.,* 925 S.W.2d 586, 590 (Tex.1996) (quoting *Smith v. Smith,* 544 S.W.2d 121, 122 (Tex.1976)). And in the context of an ordinary appeal, the issue is well settled: Matters outside the appellate record that establish justiciability or the lack thereof, that is whether an appeal is moot, are plainly cognizable by an appellate court. As explained by the Eastland Court of Appeals, we have authority to consider affidavits in this situation under Rule 19(d), TEX. R.APP. P. *Aycock,* 853 S.W.2d at 164; *see also* TEX. GOV'T CODE ANN. § 22.220(c) (Vernon 1988) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the *proper* exercise of its jurisdiction.") (emphasis added); *Roach v. Roach,* 672 S.W.2d 524, 533 (Tex.App.—Amarillo 1984, no writ). Accordingly, we reject Melissa's argument and hold that Dennis' affidavit is properly before us.

### C. Applicability of the Acceptance–of–Benefits Doctrine

Melissa further argues that the acceptance-of-benefits doctrine does not apply because this is a writ of error proceeding grounded upon defective service. As discussed below, we disagree that the doctrine cannot be applied to estop a party from complaining of the absence of *personal* jurisdiction in an appropriate case. But, as discussed below in section IV, a different analysis is required with respect to Melissa's points of error complaining of the lack of subject matter jurisdiction.

■ As noted above, it is clear that estoppel by acceptance of benefits applies in direct appeals, *Carle, supra,* and it is beyond dispute that a petition for writ of error is " 'but another mode of appeal.' " *Texaco,* 925

S.W.2d at 590. Moreover, it is equally clear in other contexts that defective service can be and is waived by the filing of a general appearance. *E.g., Alcala v. Williams,* 908 S.W.2d 54, 56 (Tex.App.—San Antonio 1995, no writ). Indeed, when a petition for writ of error grounded upon defective service is filed, the defective service *is* waived on remand; filing the petition constitutes a general appearance and submits the petitioner to the personal jurisdiction of the trial court on remand. *E.g., McKanna v. Edgar,* 388 S.W.2d 927, 929–30 (Tex.1965); *Whiskeman v. Lama,* 847 S.W.2d 327, 330 (Tex.App.—El Paso 1993, no writ) (citing, *e.g., McKanna,* 388 S.W.2d at 930; *United Nat'l Bank v. Travel Music of San Antonio,* 737 S.W.2d 30, 33 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.)); *see also* Tex.R. Civ. P.123.[2]

◼ In light of the foregoing, we can fathom no reason why the doctrine would not apply in a direct appeal by writ of error grounded upon defective service when it is established that the petitioner had knowledge of the judgment at the time she accepted benefits thereunder.[3] *Cf. Stubbs v. Stubbs,* 671 S.W.2d 70, 72 (Tex.App.—Dallas 1984) (reaching merits of but rejecting estoppel by acceptance-of-benefits argument in writ of error proceeding not grounded upon defective service), *aff'd,* 685 S.W.2d 643 (Tex. 1985); *Stylemark Const., Inc. v. Spies,* 612 S.W.2d 654, 656 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) (reaching merits of but rejecting estoppel by voluntary payment of judgment in writ of error proceeding grounded upon defective service).

## D. The *Carle Exception*

◼ Melissa next argues that she comes within the exception to the doctrine recognized in *Carle,* because Dennis "concedes, or is bound to concede" the benefits she has accepted under the judgment. In Melissa's view, the exception applies because Dennis "is clearly under an affirmative moral and legal mandate to support his child," citing section 151.003 of the Texas Family Code.

As the *Carle* Court noted, "[t]he exception is a narrow one" and rests upon (1) whether a reversal of the judgment could "possibly affect [Melissa's] right to the benefits secured by [her] under the judgment," and (2) whether Dennis would "be compelled to concede upon another trial that [Melissa] has the right to retain those benefits regardless of the outcome of the litigation." *Carle,* 234 S.W.2d at 1004. A proper application of the exception is reflected in this court's decision in *Bashara,* in which the hospital accepted its share of the money awarded it in the judgment and perfected a limited appeal challenging only the award against it of attorney's fees to Bashara. *Bashara,* 685 S.W.2d at 353–54. This court agreed with the hospital that its acceptance of the monetary award did not estop it from complaining of the attorney's fees award, because "it accepted a benefit under the judgment which could not be adversely affected by its appeal...." *Id.*

In this case, unlike *Bashara,* the benefits Melissa has accepted, including her share of

---

2. We recognize that Melissa purports to file her petition subject to her special appearance. While we are not aware of a single case holding that the general rule set forth in *McKanna* can be avoided by a special appearance that has not been ruled upon by the trial court, we recognize that Rule 120a, Tex.R. Civ. P., provides for a special appearance "[n]otwithstanding the provisions of Rule[] ... 123...." However, we need not decide this difficult question in this case, because Melissa's special appearance is supported only by her attorneys' affidavit, which states "[t]o the best of [their] knowledge, based on information and belief, the statements contained [in Melissa's special appearance and petition for writ of error] are true and correct." This affidavit is insufficient, as a matter of law, to support a special appearance under Rule 120a. *E.g., Slater v. Metro Nissan,* 801 S.W.2d 253, 254 (Tex.App.—Fort Worth 1990, writ denied). Accordingly, we follow the general rule set forth in *McKanna* and hold Melissa entered a general appearance by filing her petition for writ of error. For the same reason, we deny Melissa's request to vacate the judgment and dismiss the cause or, alternatively, remand this case for a hearing on her special appearance.

3. Although Melissa has not denied knowledge of the judgment at the time she accepted benefits thereunder, it is beyond dispute that she has had knowledge of the judgment since filing her petition on October 6, 1995, and Dennis' affidavit establishes that she continued to accept benefits under the judgment thereafter until the date of his affidavit, September 16, 1996. Melissa also does not deny she voluntarily accepted the benefits of the trial court's judgment.

the community estate, relief from community debts, and the ordered child support, could be affected by a new trial. While she might receive more, she might also receive less. *See* TEX. FAM.CODE ANN. § 3.63 (Vernon 1993) ("just and right" division of community estate); *id.* § 154.125 (Vernon 1996) (child support guidelines establish support at twenty percent of obligor's net monthly resources); *id.* § 154.123 (child support may vary from guidelines if justified by additional factors). Melissa thus does not come within the exception to the acceptance-of-benefits doctrine noted in *Carle.* We therefore grant Dennis' motion to dismiss in part and dismiss Melissa's points of error one through five.[4]

## IV. SUBJECT MATTER JURISDICTION

■ A different analysis is required for Melissa's points of error complaining of the trial court's lack of subject matter jurisdiction, because this jurisdictional prerequisite plainly cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding. *See, e.g., Federal Underwriters Exch. v. Pugh,* 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943); *Beeson v. Beeson,* 578 S.W.2d 517, 518 (Tex.Civ.App.—El Paso 1979, no writ). Accordingly, the acceptance-of-benefits doctrine cannot estop Melissa from complaining that the trial court lacked subject matter jurisdiction over the divorce proceeding. We therefore deny Dennis' motion to dismiss with respect to these points and analyze them without reference to the doctrine.

■ Melissa does not contest the trial court's subject matter jurisdiction over the divorce proceeding. She does, however, contend that the trial court lacked subject matter jurisdiction to determine child visitation and custody, child support, and the division of marital property. What Melissa fails to recognize is that the two are inextricably interrelated. The trial court acquires subject matter jurisdiction over a divorce proceeding if the suit is filed by a qualified resident, *see* TEX. FAM.CODE ANN. § 3.21 (Vernon 1993), "this state is the last marital residence of the petitioner and the respondent," and "the suit

is commenced within two years after the date on which the marital residence ended." *Id.* § 3.26(a)(1). And, once the trial court acquires subject matter jurisdiction in this manner, it "shall" divide the community estate. *Id.* § 3.63. Additionally, a trial court that obtains subject matter jurisdiction under section 3.26(a), "also acquires jurisdiction over the respondent in a suit affecting the parent-child relationship," *id.* § 3.26(b), including jurisdiction "to make a child custody determination by initial decree ... if ... this state ... is the home state of the child on the date of the commencement of the proceeding...." *Id.* § 152.003(a)(1)(A) (Vernon 1996). A proceeding is "commenced" when the petition is filed. *Id.* § 102.002.

In this case, the record is undisputed that Dennis filed the divorce proceeding on May 25, 1994, within two years of the date the couple's only marital residence in Bexar County ended; Dennis and Melissa, as well as their child, were and had been residents and domiciliaries of Bexar County, Texas for the preceding six-month period; and Texas was the "home state" of the child on the date the proceeding was filed. Under these circumstances, the trial court acquired subject matter jurisdiction of the divorce proceeding, including the division of the community property, and all aspects of the status determinations involved in the suit affecting the parent-child relationship. Additionally, because Dennis filed the proceeding, the trial court acquired the personal jurisdiction to render a child support order against him. Therefore, the trial court acquired the requisite subject matter and personal jurisdiction to enter all aspects of the decree. *Cf. In the Interest of S.A.V. & K.E.V.,* 837 S.W.2d 80, 83–84 (Tex. 1992). Melissa's sixth and seventh points of error thus fail to demonstrate error on the face of the record, and they are overruled.

## CONCLUSION

Melissa has accepted substantial benefits under the judgment she now attacks by writ of error; therefore, she is estopped from

---

4. The parties did not brief the sufficiency of service or the return of service under the particular provisions applicable to family law cases. *See* TEX. FAM.CODE ANN. §§ 152.005(a), 152.005(c)

(Vernon 1996) (formerly §§ 11.55(a) & (c)). However, in light of our disposition of Melissa's first five points of error, we do not reach their merits under these provisions.

complaining that the trial court lacked personal jurisdiction over her, and her first five points of error are dismissed. Melissa's sixth and seventh points of error fail to demonstrate error apparent on the face of the record; accordingly, these points are overruled, and the judgment is affirmed. *See General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex.1991).