# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00404-CV

**Johnnie M. Charles, Appellant**

**v.**

**Texas Property and Casualty Insurance Guaranty Association, on behalf of
Phico Insurance Company, an Impaired Carrier, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-05-001707, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from an order of dismissal *nunc pro tunc*. Appellant Johnnie M. Charles appeals from the trial court's order dismissing the cause without prejudice in favor of appellee. For the reasons discussed below, we affirm the trial court's order.

### FACTS AND PROCEDURAL BACKGROUND

Ms. Charles filed suit in Jefferson County on November 24, 2004, to appeal the decision of the Texas Workers' Compensation Commission setting her impairment rating at 14%. Appellee filed a motion to transfer venue to Travis County, which was heard and granted by the trial court on April 21, 2005. After the cause was transferred to Travis County, appellee filed a motion to dismiss for want of prosecution because Charles failed to pay the filing fees as required under rule 89 of the Texas Rules of Civil Procedure. The Travis County District Court held a hearing and

granted appellee's motion to dismiss on October 6, 2005. Due to a clerical error, the trial court's order of dismissal was entered in the wrong cause number—GN 400-054, instead of GN 501-707. Therefore, on December 2, 2005, the trial court signed a *nunc pro tunc* order of dismissal in the correct cause number. In a restricted appeal, Charles appeals from this *nunc pro tunc* order.

## ANALYSIS

In three issues, Charles contends that the trial court erred in (i) granting appellee's motion to dismiss for want of prosecution, (ii) failing to have a court reporter make a record of the proceedings on December 2, 2005, and (iii) conducting a hearing on appellee's motion to dismiss on October 6, 2005. Appellee counters that this Court lacks jurisdiction over Charles's issues regarding the order of dismissal signed on October 6, 2005, because Charles's notice of appeal is untimely as to those issues. Appellee further urges that, in her remaining issue, Charles fails to demonstrate error on the face of the record that led to the rendition of an improper judgment.

In her first and third issues, Charles complains of errors regarding the trial court's original order of dismissal signed on October 6, 2005. We agree with appellee, however, that this Court lacks authority to consider these two issues. Because the trial court's order was signed on October 6, 2005, and none of the parties filed a motion to extend the trial court's plenary power, Charles was required to file her notice of appeal within 30 days.[1] *See* Tex. R. App. P. 26.1 (time for appeal runs from the date judgment was signed). A *nunc pro tunc* order does not extend the deadlines for perfecting an appeal. *Cavalier Corp. v. Store Enter., Inc.*, 742 S.W.2d 785, 787

_____

[1] To perfect a restricted appeal from this order, Charles was required to file her notice of appeal within six months after the order was signed. *See* Tex. R. App. P. 26.1(c).

(Tex. App.—Dallas 1987, writ denied). Had the trial court timely exercised its plenary power to modify or correct the order in any respect, the time for appeal would run from the date the modified order was signed. *See Garza v. Serrato*, 671 S.W.2d 713, 714 (Tex. App.—San Antonio 1984, no writ). If, however, the trial court corrects a mistake by way of an order *nunc pro tunc* after its plenary power expires, then the court of appeals has no authority to consider any complaint that could have been presented in an appeal from the original order. *See Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1986, no writ).

In this case, Charles did not file her notice of appeal until May 31, 2006—more than six months after the trial court signed the original order of dismissal. Although the trial court signed an order of dismissal *nunc pro tunc* on December 2, 2005, that order did not extend Charles's deadlines for filing her notice of appeal from the original order signed on October 6, 2005. *See Cavalier Corp.*, 742 S.W.2d at 787.

In support of her arguments that the trial court erred in holding a hearing on October 6, 2005, and erred in signing the original order of dismissal, Charles urges us to consider the effects of Hurricane Rita on herself and her counsel. The record reflects that Charles and her counsel live in Jefferson County—one of several counties in southeast Texas affected by natural disaster when Hurricane Rita came ashore in late September 2005. As a result of the damage and devastation caused by Hurricane Rita, many Texas courts were closed during September and October 2005. The supreme court issued an emergency order extending all filing deadlines until October 31, 2005. *See Emergency Order on Enlargement of Time*, Misc. Docket No. 05-9168

3

(Tex. Sept. 26, 2005).[2] The supreme court's order also instructs other Texas courts to consider the dislocation of counsel when determining whether to grant extensions of time for good cause. *Id.* In addition, Charles's counsel filed an affidavit stating that he evacuated his home and office on September 22, 2005; he did not reopen his office until October 10, 2005; and his residence was without power until October 28, 2005.

While we are sympathetic to Charles and her counsel and the effects they suffered as a result of Hurricane Rita, the record reflects that neither Charles nor her counsel took any steps to communicate these issues to either the trial court or opposing counsel. Although counsel's affidavit states that he did not reopen his office until October 10, 2005, there is evidence that on September 27, 2005, someone in counsel's office signed for the notice of hearing on appellee's motion to dismiss. Thus, Charles, through counsel, had notice of the October 6 hearing. But there is no indication that Charles or counsel made any attempt to inform the court or opposing counsel that they would not be able to attend the hearing. Moreover, even though the affidavit filed by Charles's counsel states that "things did not approach normal until January 2006," neither Charles nor her counsel made any attempt to pursue Charles's case until May 31, 2006—over five months later and the last day on which Charles could file a notice of restricted appeal from the trial court's order of dismissal *nunc pro tunc*. *See* Tex. R. App. P. 26.1(c). There is no indication in the record that Charles or her counsel attempted to communicate with either the trial court or opposing counsel prior

---

[2] A copy of the supreme court's order is available on the court's website at www.supreme. courts.state.tx.us/MiscDocket/05/05916800.pdf.

to May 31, 2006. Without any communication from either Charles or her counsel, the trial court had no reason to grant a continuance or extension of time.

The first and third issues raised by Charles pertain to the trial court's original order of dismissal and could have been presented in an appeal from that order. *See Gonzalez v. Doctors Hosp.*, 814 S.W.2d 536, 537 (Tex. App.—Houston [1st Dist.] 1991, no writ) (citing *Gonzalez v. Rickman*, 762 S.W.2d 277, 278 (Tex. App.—Austin 1988, no writ)). Because Charles filed her notice of appeal more than six months after the trial court signed the original order of dismissal, it was untimely with respect to that order, and we have no authority to consider Charles's first and third issues. *Id.*; *Pruet*, 715 S.W.2d at 704. Charles's first and third issues are overruled.

In her second issue, Charles contends that the trial court erred in failing to have a court reporter "take down the proceedings" on December 2, 2005, when the court signed the order of dismissal *nunc pro tunc*. Because Charles has filed a restricted appeal, we review the trial court's order of dismissal *nunc pro tunc* for reversible error. Tex. R. App. P. 44.1; *Guadalupe Econ. Servs. Corp. v. DeHoyos*, 183 S.W.3d 712, 715 (Tex. App.—Austin 2005, no pet.). To obtain reversal in a restricted appeal, Charles must demonstrate error on the face of the record that "probably caused the rendition of an improper judgment" or "probably prevented Charles from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1(a); *Guadalupe Econ. Servs.*, 183 S.W.3d at 715.

It is undisputed that the trial court's order of dismissal *nunc pro tunc* signed on December 2, 2005, corrected a clerical, and not a judicial, error in the original order of dismissal signed on October 6, 2005. A clerical error is a discrepancy between the entry of an order in the official record and the order as it was actually rendered. *See Universal Underwriters Ins. Co. v.*

5

*Ferguson*, 471 S.W.2d 28, 29-30 (Tex. 1971). Rule 316 of the Texas Rules of Civil Procedure allows a court to correct clerical errors in open court. Tex. R. Civ. P. 316. There is nothing in the rule that requires the court to hold a hearing or have a court reporter present to record the proceedings when it corrects a clerical error. *Id.* Because the question whether the error corrected was clerical or judicial is a legal one, the purpose of a hearing is not for the receipt of evidence but merely for argument. *See Findlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968).

Contrary to Charles's assertions, there is no indication in the record that the trial court held a hearing when it signed the order of dismissal *nunc pro tunc* on December 2, 2005. Charles cites no authority for the proposition that the trial court was required to hold a hearing prior to signing the order of dismissal *nunc pro tunc* or to have a court reporter present at the time the order was signed, and we have found none.

Although Charles cites three cases for the proposition that reversal is required when Charles, through no fault of her own, cannot obtain a statement of facts, these cases are inapposite. In support of her argument, Charles cites *Chase Bank of Texas, N.A. v. Harris County Water Control and Improvement District No. 109*, 36 S.W.3d 654 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (op. on reh'g); *In re K. B. A.*, 145 S.W.3d 685 (Tex. App.—Fort Worth 2004, no pet.); and *Pittman v. Baptist Memorial Hospital System*, 574 S.W.2d 190 (Tex. Civ. App.—San Antonio 1978, no writ). In *Chase Bank*, the Houston court of appeals held that the lack of a reporter's record required reversal in a post-answer default judgment proceeding. 36 S.W.3d at 655-56. The Fort Worth court of appeals reached the same conclusion in *In re K. B. A.*, 145 S.W.3d at 689-90, as did

6

the San Antonio court of appeals in *Pittman*, 574 S.W.2d at 192-93. As the Fort Worth court of appeals explained,

> Unlike a no-answer default judgment where a defendant admits the petition's allegations by his failure to answer, a post-answer default judgment constitutes neither an abandonment of defendant's answer nor an implied confession. . . . Therefore, judgment cannot be entered on the pleadings and the petitioner in such a case must offer evidence and prove his case.

*In re K. B. A.*, 145 S.W.3d at 690.

In contrast, the instant case is not a post-answer default judgment proceeding. Because the purpose of an order of dismissal *nunc pro tunc* is to correct a clerical error in the original order of dismissal after the trial court's plenary power has expired, *see West Tex. State Bank v. General Res. Mgmt. Corp.*, 723 S.W.2d 304, 306 (Tex. App.—Austin 1987, writ ref'd n.r.e.), and the decision whether the error was clerical or judicial is a legal question, *see Findlay*, 435 S.W.2d at 138, there was no need for the trial court to take evidence, much less hold a hearing, prior to signing the order of dismissal *nunc pro tunc*. Moreover, Charles does not complain about the inability to get a statement of facts from the hearing on the original order of dismissal but, instead, complains about the lack of a record regarding the trial court's signing of the order of dismissal *nunc pro tunc*—an order that merely corrects a clerical error and does not alter the legal substance of the original order of dismissal. The cases cited by Charles are distinguishable on both the law and the facts.

Having concluded that the trial court was not required to hold a hearing prior to signing the order of dismissal *nunc pro tunc*, there was no requirement for a court reporter to record

7

the proceedings. Charles has failed to demonstrate error on the face of the record that probably caused the rendition of an improper judgment or prevented Charles from presenting her appeal to this Court. *See* Tex. R. App. P. 44.1(a). We overrule Charles's second issue on appeal.

## CONCLUSION

Having overruled Charles's issues, we affirm the trial court's order of dismissal *nunc pro tunc*.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: March 6, 2007

8