

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00008-CV

Chris **STONE**,
Appellant

v.

**TALBERT OPERATIONS, LLC**,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 13-08-00195-CVL
Honorable Stella Saxon, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 31, 2014

REVERSED AND REMANDED

Chris Stone files this restricted appeal of a no-answer default judgment awarding Talbert

Operations, LLC $112,772.25 in damages and $25,000.00 in attorney's fees. In his brief, Stone

asserts six reasons the default judgment must be reversed. Talbert did not file an appellee's brief.

Because no reporter's record was taken of the trial court's evidentiary hearing on Talbert's petition,

we reverse the trial court's judgment and remand the cause for further proceedings.[1]

---

[1] We do not address the five other grounds asserted in Stone's brief as their resolution is not necessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

## BACKGROUND

On August 13, 2013, Talbert filed an original petition alleging fraud, conversion, and breach of contract claims against Stone arising from a construction project. Stone did not file an answer in response to the petition. On November 18, 2013, the trial court conducted a hearing on Talbert's petition, and the judgment recites that the trial court considered "the evidence presented and admitted." Stone did not appear for the hearing, but subsequently filed this restricted appeal.

By order dated March 5, 2014, this court ordered the court reporter to file the reporter's record of the hearing. In response to our order, the court reporter filed an affidavit stating that no record was taken of the hearing. Therefore, we ordered Stone to file his brief. Stone timely filed his brief, and on August 7, 2014, this court notified Talbert in writing that the appellee's brief was late and informed Talbert that this appeal would be set for submission without an appellee's brief if no response was filed within ten days. Talbert did not respond or file an appellee's brief.

## DISCUSSION

In order to prevail on his restricted appeal, Stone is required to show: (1) he filed a notice of appeal within six months of the date the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not file any timely postjudgment motions or requests for findings of fact and conclusions of law; and (4) the error about which he complains is apparent from the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 30. The appellate record establishes that Stone satisfied the first three elements; therefore, we need only address whether an error about which Stone complains is apparent from the face of the record.

In *Smith v. Smith*, the appellant filed a writ of error appeal (now called a restricted appeal) from a post-answer default judgment. 544 S.W.2d 121, 122 (Tex. 1976). The Texas Supreme

Court held that the appellant "established his right to a retrial of [the] case because of his inability to procure a statement of facts" (now called a reporter's record.) *Id.* at 123. The court explained that the absence of the reporter's record was error apparent on the face of the record, and reversed the default judgment and remanded the cause to the trial court. *Id.*; *see also Chase Bank of Tex., N.A. v. Harris Cnty. Water Control & Impvt. Dist.*, 36 S.W.3d 654, 656 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The Texas Supreme Court also has applied the same holding to a case involving a no-answer default judgment, asserting "'if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.'" *Rogers v. Rogers*, 561 S.W.2d 172, 173-74 (Tex. 1978) (quoting *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972)); *see also Pittman v. Baptist Mem. Hosp. Sys.*, 574 S.W.2d 190, 192-93 (Tex. Civ. App.—San Antonio 1978, no writ) (reversing no-answer default judgment based on absence of reporter's record). In *Rogers*, the court further explained, "An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts." *Id.* at 173.

## CONCLUSION

Because no reporter's record was taken of the trial court's evidentiary hearing resulting in the no-answer default judgment, error is apparent on the face of the record. Accordingly, the no-answer default judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Marialyn Barnard, Justice