# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00492-CV

**Dixie Equipment, LLC; and Dixie Turbine Services, LLC, Appellants**

**v.**

**Energia de Ramos, S.A.P.I. de C.V. f/k/a Deacero Power S.A.P.I. de C.V., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-16-005813, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Travis County confirming an arbitration award. Appellants are Dixie Equipment, LLC and Dixie Turbine Services, LLC (Dixie) and appellee is Energia de Ramos, S.A.P.I. de C.V. f/k/a Deacero Power S.A.P.I. de C.V. (Deacero). We will affirm the judgment.

In 2012 and 2013, the parties entered into two contracts in an effort to build an electrical power plant in Nuevo Leon, Mexico. Each contract contained an arbitration provision. Pursuant to the contracts, Dixie was to procure, refurbish, and ship used electrical-generation equipment to Deacero's property in Nuevo Leon, and then assemble them on site. Over time, differences arose between the parties, each contending that the other was the first to breach the respective contracts. Deacero asserted that Dixie abandoned the project in September 2014. In September 2015, Deacero filed its notice of arbitration. In October 2015, Dixie filed an answer and

counterclaim. After the parties selected an arbitration panel, they agreed that the arbitration would be conducted in accordance with the procedures of the International Center for Dispute Resolutions (ICDR). They further agreed upon a scheduling order providing for the exchange of discovery, expert designations deadline, and the exchange of pretrial materials. In addition, the parties scheduled a final arbitration hearing for September 12, 2016, in Austin.

In April 2016, Dixie notified the panel and Deacero that for financial reasons it would not pay its portion of the arbitration fees. Then in June 2016, Dixie's counsel wrote the panel disclosing that Dixie was "financially unable to continue to defend" against Deacero's claims and that, though its counsel would have a limited "observer's" role in the arbitration proceedings, Dixie would no longer be an active participant.

On September 12, 2016, the panel conducted the hearing. Dixie's counsel attended the first morning of the hearing but did not return for the remainder of the proceeding. After hearing, the arbitration panel concluded that Dixie was collectively liable for $16,665,184.60 in damages, fees, and costs. The arbitration proceedings were not transcribed.

Dixie contends that the arbitration panel committed reversible "misbehavior"[1] in conducting the hearing without making a record, thereby prejudicing its right to due process. Dixie

---

[1] "Misbehavior" is one of a limited number of circumstances authorizing vacatur of an arbitration award. Title 9 United States Code, section 10(a)(3) provides for vacatur:

> where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

9 U.S.C. § 10(a)(3).

2

states that lack of a transcript of the proceedings prevents it from effectively challenging the default award on appeal because there is no record of what evidence, if any, was presented.

Dixie points to the established rule in judicial proceedings that a post-answer default judgment will be reversed if the proceeding resulting in the rendition of the default judgment is not recorded. *See Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976). Dixie then urges, without supporting authority, that the same rule should be applicable to a post-answer default arbitration award, as here. Dixie inquires why should post-answer default arbitration awards receive less scrutiny than post-answer default judgments rendered by publicly elected judges in open court.

As recently as 2012, the Court applied the rule requiring a party seeking to modify or vacate a post-answer default arbitration award to bring forth a complete record to establish any basis which would warrant vacating the award. *See Vorwerk v. Williamson Cty. Grain, Inc.*, No. 03-10-00549-CV, 2012 WL 593481 (Tex. App.—Austin Feb. 23, 2012, pet. denied) (mem. op.). In *Vorwerk*, Williamson County Grain sued Vorwerk in district court in a breach-of-contract dispute. *Id.* at *1. Vorwerk filed an answer and motion to abate, requesting arbitration. *Id.* Williamson County Grain agreed to arbitration. *Id.* However, Vorwerk did not attend the arbitration hearing, and there was no transcript taken of the hearing. *Id.* at *1, *5. After the arbitration hearing and before the award, there were ex parte communications between Williamson County Grain and a representative of the arbitration panel. *See id.* at *1.

The arbitration panel issued an award in favor of Williamson County Grain. *Id.* Thereafter, Williamson County Grain filed a motion to confirm the arbitration award with the district

court. *Id.* at *2. After hearing, the district court denied Vorwerk's motion to vacate and confirmed the award. *Id.*

On appeal, Vorwerk argued that the arbitration panel had participated in ex parte communications with Williamson County Grain which prejudiced his rights. *Id.* Williamson County Grain responded, among other things, that the information in the ex parte communication was a summary of information already presented to the panel at the hearing. *Id.* at *1.

This Court noted that because there had been no record made of the arbitration hearing, it was not possible to know whether the ex parte communication contained new information not already presented to the panel or was merely a summary of evidence introduced at the hearing. *See id.* at *6. Without a record showing evidence to the contrary, the Court presumed that no misconduct occurred; that the information in the ex parte communication was a summary of information previously conveyed to the panel in the hearing; and that the ex parte communication did not operate to deprive Vorwerk of a fair hearing. *See id.* The Court concluded, accordingly, that the trial court did not err in confirming the award. *See id.* In absence of contrary authority, this Court remains committed to the rule followed in *Vorwerk*.

Dixie complains, finally, that its due-process rights were violated because lack of financial resources barred it from presenting its counterclaim. The claim is not meritorious.

Dixie did not file with the arbitration panel any proof of its financial inability to pay the required deposit to assert its counterclaim. In June 2016, Dixie's counsel wrote the arbitration panel asserting that Dixie was "financially unable to continue to defend" against Deacero's claim. In the same letter, counsel stated that Dixie would be seeking bankruptcy "sometime in the near

4

future." These assertions were not supported by affidavit or other proof. In its brief, Dixie refers to its net-worth statements filed in the trial court in support of its motion to suspend enforcement of judgment.

Dixie agreed to abide by the rules of the arbitral forum. Those rules state that failure of a party asserting a counterclaim to pay the required deposit will be deemed a withdrawal of the counterclaim. ICDR art. 36.4. In the absence of proof to substantiate Dixie's claim of inability to pay the required deposit, the arbitration panel was justified in withdrawing the counterclaim.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Puryear, Goodwin, and Shannon*

Affirmed

Filed: August 8, 2018

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).