Jim Parker, Comanche, for appellant.

Thomas Gossett, San Angelo, for appellee.

**Cathryn McCanlies Rickman GONZALES, Appellant,**

v.

**Richard Leon RICKMAN, Jr., Appellee.**

**No. 3-88-038-CV.**

Court of Appeals of Texas, Austin.

Nov. 30, 1988.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

PER CURIAM.

Cathryn McCanlies Rickman Gonzales appeals the denial of her motion to modify the conservatorship provisions contained in the decree of divorce between her and her former spouse, Richard Leon Rickman, Jr. Because we determine that this Court must dismiss the appeal for lack of jurisdiction, we do not reach appellant's sole point of error concerning the propriety of the trial court's denial of her motion to modify.

The trial court signed its order denying appellant's motion to modify on September 1, 1987. That order provided, in relevant part:

> The court, after hearing the evidence and argument of parties finds that *respondent* [appellee] has failed by preponderance of the evidence to show that the circumstances of the children, joint managing conservators, or other person affected by the order to be modified had

materially and substantially changed since entry of the order to be modified. (emphasis added)

On October 29, 1987, appellant filed a motion for rehearing, stating that she had no notice of the trial court's September 1 judgment. She further pointed out that the trial court's judgment had incorrectly stated that appellee, rather than she, as movant, had failed to show a material change in circumstances since the entry of the order to be modified. Appellee, on November 3, 1987, filed a motion for a judgment *nunc pro tunc* pointing out the same error.

After a hearing on appellee's motion[1], on January 15, 1988, the trial court entered its judgment *nunc pro tunc* to provide that appellant had failed to make the requisite showing. Texas R.Civ.P.Ann. 316 (Supp. 1988) allows a trial court to correct clerical mistakes in the entry of judgment by entry of a judgment *nunc pro tunc*. *See Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28 (Tex.1971). To perfect her appeal from that judgment, appellant filed her cost bond with the district clerk of Tom Green County on February 5, 1988.

Texas R.App.P.Ann. 5(c) (Supp.1988) provides:

> *Nunc Pro Tunc Order* In civil cases, when a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316 ... of the Texas Rules of Civil Procedure, the periods mentioned in subparagraph b(1) [date of signing] of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original judgment.

Texas R.Civ.P.Ann. 329b(h) (Supp.1988) provides:

> If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed, but if a correction is made pursuant to Rule 316 after expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment.

The January 15, 1988 judgment *nunc pro tunc* was entered after the expiration of the trial court's plenary power over the September 1 judgment. Neither party complains that the judgment *nunc pro tunc* was, for any reason, improperly entered; it is nowhere contended that the error corrected was anything but a clerical error properly amended by a Rule 316 correction. The entry of the judgment *nunc pro tunc* did not extend the time in which to perfect appeal. *Brazos Elec. Co-op, Inc. v. Callejo*, 734 S.W.2d 126 (Tex.App.1987, no writ); *Hamrah v. Hamrah*, 547 S.W.2d 308 (Tex.Civ.App.1977, writ ref'd n.r.e.). The point of error brought forward on appeal pertained to the original judgment and could have been presented in an appeal from the original judgment. *Cavalier Corp. v. Store Enterprises*, 742 S.W.2d 785 (Tex.App.1987, writ denied). Appellant failed to timely perfect her appeal from the original judgment of September 1, 1987. Tex.R.Civ.P.Ann. 329b(h) (Supp.1988); Tex. R.App.P.Ann. 41(a)(1) (Supp.1988). Accordingly, this Court thus lacks jurisdiction to entertain the appeal.

The appeal is dismissed for lack of jurisdiction.

---

1. Tex.R.App.P.Ann. 5(b)(4) (Supp.1988) provides that where a party, by sworn motion and notice, establishes that he has had no notice of the entry of a judgment, the time period for perfecting an appeal begins to run on the date notice was received or actual notice acquired. Even assuming that appellant had made the requisite showing, a fact the record does not reveal, and that the time period was duly advanced, the judgment nunc pro tunc was entered beyond the trial court's plenary power to correct the judgment within 30 days of signing. Tex.R.Civ.P. Ann. 329b(d) (Supp.1988). In addition, a docket sheet notation indicates that the motion had been withdrawn.