TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00444-CV






Thomas P. Jones, Appellant


v.


Paleface Ranch Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN000310, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






O R D E R


 On July 24, 2002, appellee Paleface Ranch Association ("Paleface") filed a motion
for partial dismissal of this cause for lack of jurisdiction. The judgment at issue in this appeal was
originally rendered on November 13, 2001. Neither party appealed the judgment or filed a motion
that could extend the district court's plenary power. Accordingly, the district court's plenary power
expired on December 13, 2001.

 On May 29, 2002, Paleface, the plaintiff below, filed a motion requesting a judgment
nunc pro tunc, which the district court granted June 17, 2002. The district court specified its reason
as follows:


[T]he Court finds that the judgment entered on November 13, 2001 contains the
following clerical errors: in the second to the last paragraph, the judgment states
"Plaintiff shall pay $10,000.00 . . ." where it should state "Defendant shall pay
$10,000.00 . . ."

 On July 12, 2002, appellant Thomas P. Jones, defendant below, filed his notice of
appeal in which he generally states:


Thomas P. Jones, Defendant, desires to appeal and gives notice of his intent to appeal
the trial court's Judgment Nunc Pro Tunc signed by the Honorable Margaret Cooper,
Judge Presiding, on June 17, 2002.



In its motion for partial dismissal filed with this Court, Paleface contends that "except insofar as
Appellant complains of the propriety of the trial court's correction of a party designation nunc pro
tunc, this court has no jurisdiction to entertain Appellant's appeal . . . ." We agree. Texas Rule of
Civil Procedure 329b(h) provides:


If a judgment is modified, corrected or reformed in any respect, the time for appeal
shall run from the time the modified, corrected, or reformed judgment is signed, but
if a correction is made pursuant to Rule 316 after expiration of the period of plenary
power provided by this rule, no complaint shall be heard on appeal that could have
been presented in an appeal from the original judgment.



 The June 17 judgment nunc pro tunc was signed after the expiration of the trial court's
plenary power over the November 13 judgment. Accordingly, the entry of the judgment nunc pro
tunc did not extend the time in which to perfect appeal. See Cavalier Corp. v. Store Enterprises, 742
S.W.2d 785, 787 (Tex. App--Dallas1987, writ denied); Gonzales v. Rickman, 762 S.W.2d 277, 278
(Tex. App.--Austin 1988, no writ). We have no jurisdiction over any complaint brought forward
on appeal that pertains to the original judgment and could have been presented in an appeal from the
original judgment. See Gonzales, 762 S.W.2d at 278. Therefore, we have no jurisdiction over this
appeal, except insofar as Jones might wish to complain of the district court's correction of the party
designation in the judgment nunc pro tunc. See Cavalier Corp., 742 S.W.2d at 787.

 Accordingly, for the reasons stated above, we grant Paleface's motion for partial
dismissal. We dismiss the appeal except for any complaint relating to the trial court's correction of
the party designated to pay the award.

 It is ordered August 8, 2002.



__________________________________________

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Do Not Publish