# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00463-CV

**Thomas & Lewin Associates, Inc., Appellant**

**v.**

**Texas Health and Human Services Commission, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-GN-13-003744, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Thomas & Lewin Associates, Inc. filed a petition for judicial review of a final order of the Appeals Division of the Texas Health and Human Services Commission (HHSC). The order sustained certain cost adjustments that the HHSC made in an informal review of Appellant's mandatory cost reports filed in compliance with HHSC regulations. *See* 1 Tex. Admin. Code § 355.722(j)(2) (2019) (Texas Health & Human Servs. Comm'n, Reporting Costs by Home and Community-based Services (HCS) and Texas Home Living (TxHmL) Providers). In a final order, the trial court granted the HHSC's plea to the jurisdiction and, to the extent necessary, granted the HHSC's motion for summary judgment. For the following reasons, we affirm the trial court's order granting the HHSC's plea to the jurisdiction.

**BACKGROUND**

Appellant provides long-term care for persons with mental retardation or related conditions under a contract with the State of Texas in the HCS program funded by Medicaid. As an HCS provider, Appellant is required to file annual cost reports with the HHSC. *See id.* In 2010, the HHSC issued Appellant a letter stating that it intended to recoup $80,528 from Appellant based on adjustments the HHSC made to the undisputed actual costs incurred and reported on Appellant's 2006 cost report. *See id.* (j)(5) (outlining cost adjustment and recoupment procedures). Appellant requested informal review of the HHSC's recoupment decision, specifically requesting review of particular "lines" of its 2006 cost report. *See id.* §§ 355.110(c) (2019) (Texas Health & Human Servs. Comm'n, Informal Reviews and Formal Appeals), 355.722(b) ("A provider who disagrees with HHSC's exclusion or adjustment of items in cost reports may request an informal review and, when appropriate, an administrative hearing as specified in § 355.110 of this title (relating to Informal Reviews and Formal Appeals)."). After the informal review, the HHSC reduced its recoupment demand to $63,611. *See id.* § 355.722(j)(5) (requiring HHSC to notify providers of any adjustments to recoupment amount after informal review of initial recoupment determination).

The HHSC attached an appendix to its Informal Review Decision outlining the various lines affected by its adjustment to the recoupment amount. Appellant requested a formal hearing before an administrative law judge (ALJ) with the HHSC's Appeals Division, taking issue with several lines of the cost report that the HHSC had adjusted in its informal review. *See id.* § 355.110(d) (providing that "interested party who disagrees with the results of an informal review . . . may file a formal appeal").

2

The ALJ conducted the formal hearing on September 14, 2012, but announced no rendition of judgment on the merits in open court. On May 24, 2013, the ALJ signed a "Final Order." The Final Order made the following relevant Findings of Facts and Conclusions of Law:

Finding of Fact 7. On November 17, 2010, HHSC notified Appellant that it had completed the Informal Review and reduced the amount that it would recoup to $63,611.00.

Finding of Fact 11. At the hearing Appellant and HHSC stipulated that only line 181 remained at issue.

Finding of Fact 12. Line 181 represented Staff Expenses - Case Managers Salaries and Wages. A portion of the salaries and wages reported on line 181 were for related party wages.

Finding of Fact 17. The allowable non-related party hourly wage rate for employees who work as Case Managers was $16.99 per hour in 2006.

Finding of Fact 18. Appellant showed that non-related parties provided 40% or more of the hours worked as Case Managers, thereby allowing Appellant to calculate the related party's reportable hours at the rate of $16.99.

Finding of Fact 19. HHSC adjusted line 181 of Appellant's 2006 Cost Report to reflect the allowable rate of pay for related party employees.

Finding of Fact 20. HHSC properly adjusted line 181 of Appellant's Cost Report to reflect the allowable rate of pay for related party employees.

Conclusion of Law 2. The proper rate of pay for Appellant's related party's reportable hours in 2006, was $16.99.

Conclusion of Law 3. HHSC correctly adjusted Appellant's 2006 Cost Report to reflect the proper calculation of the rate of pay for related parties.

The Final Order then concluded:

3

IT IS ORDERED that the Informal Review of adjustments to Appellant's 2006 Cost Report **IS SUSTAINED** and that HHSC **IS AUTHORIZED** to recoup $5,400.00 from Appellant for adjustments to its 2006 Cost Report.

Neither the HHSC nor Appellant filed a motion for rehearing with the Appeals Division taking issue with the Final Order or any of its findings of fact or conclusions of law. *See id.* § 357.498(c) (Texas Health & Human Servs. Comm'n, Final Orders and Rehearing) (2019) ("A party must file any motion for rehearing . . . on or before the 20th day after the final order is presumed received."); *see also BFI Waste Sys. of N. Am. v. Martinez Envt'l Grp.*, 93 S.W.3d 570, 578 (Tex. App.—Austin 2002, pet. denied) (holding that to preserve error, complaining party's motion for rehearing must set forth particular finding of fact, conclusion of law, ruling, or other agency action that party asserts was error and legal basis upon which claim of error rests).

On August 22, 2013, the HHSC filed with the Appeals Division a "Motion for Order Nunc Pro Tunc" seeking to amend the Final Order to change its incorrect recitation of the date of the hearing and amount of recoupment ordered. In its motion, the HHSC argued that the ALJ made a clerical error in memorializing the recoupment amount to which the HHSC was entitled because, in sustaining the Informal Review Decision's adjustment of Appellant's costs, the ALJ "upheld *all* of HHSC's adjustments" and, therefore, "affirmed the adjusted recoupment of $63,611.00 specified in HHSC's [I]nformal [R]eview Decision of November 17, 2010." On August 27, 2013, the ALJ signed an "Order on Motion for Judgment Nunc Pro Tunc," ordering that "a Judgment Nunc Pro Tunc be entered as it appears in the attached and corrected final order, entitled: NUNC PRO TUNC FINAL ORDER." The attached Nunc Pro Tunc Final Order (NPT Order) was identical to the

original Final Order except for its modification of the recited hearing date and the amount of recoupment authorized in the concluding sentence:

> IT IS ORDERED that the Informal Review of adjustments to Appellant's 2006 Cost Report **IS SUSTAINED** and that HHSC **IS AUTHORIZED** to recoup $63,611.00 from Appellant for adjustments to its 2006 Cost Report.

On September 16, 2013, Appellant filed with the Appeals Division a Motion for Rehearing challenging the NPT Order "changing the ordered recoupment from the amount of $5,400.00 contained in the Final Order issued in this cause on May 24, 2013 to the amount of $63,611.00." *See* 1 Tex. Admin. Code § 357.498. Appellant's motion contended that the Appeals Division "lost jurisdiction of this matter on May 24, 2013, the expiration of the time for filing a motion for rehearing on the Final Order . . . [and] the Nunc Pro Tunc Final Order is therefore invalid." The motion also challenged Findings of Fact 16–20 and Conclusions of Law 2 and 3. When its motion for rehearing was overruled by operation of law, *see id.* (e) (providing that, if judge does not rule on motion for rehearing within 45 days after date final order was mailed, motion is overruled by operation of law), Appellant filed a petition for judicial review in the district court seeking review of the NPT Order and a declaratory judgment that the NPT Order was void.

Appellant filed a motion for summary judgment on its declaratory-judgment claim. The HHSC filed a plea to the jurisdiction and a cross-motion for summary judgment. In its plea, the HHSC contended that the trial court lacked jurisdiction over the cause because Appellant "failed to exhaust its administrative remedies before filing this suit" by failing to "timely file a motion for rehearing in response to HHSC's May 24th Final Order." After a hearing on all of the motions, the

5

trial court granted the HHSC's plea to the jurisdiction. The trial court's order also provided that "to the extent it is necessary to reach the motions for summary judgment, Defendant's Cross-Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED." In several issues on appeal, Appellant contends that the trial court erred in granting the plea and in its implied conclusion of law that the NPT Order was validly issued. Appellant asks this Court to vacate the NPT Order and declare it void and affirm the May 24 Final Order

**DISCUSSION**

We first address whether the trial court properly granted the HHSC's plea to the jurisdiction. In its plea, the HHSC asserted that the trial court lacked jurisdiction over Appellant's petition for judicial review because Appellant failed to file a timely motion for rehearing of the May 24 Final Order. Although Appellant filed a motion for rehearing within 20 days of its receipt of the NPT Order, the HHSC contended that the NPT Order merely corrected clerical mistakes in the May 24 Final Order and did not restart the timeline for filing a motion for rehearing. *See Gonzales v. Rickman*, 762 S.W.2d 277, 278 (Tex. App.—Austin 1998, no pet.) (per curiam) (holding that judgment nunc pro tunc entered after expiration of trial court's plenary power did not extend time to perfect appeal when complaining party did not contend that judgment nunc pro tunc was improperly entered); *see also* Tex. R. Civ. P. 316 ("Clerical mistakes in the record of any judgment may be made by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment, as provided in Rule 21a, and thereafter the execution shall conform to the judgment as amended."). *But cf. In re Cherry*, 258 S.W.3d 328, 334 (Tex. App.—Austin 2008, orig. proceeding) ("A nunc pro tunc

6

judgment made to correct a judicial error is void."). Accordingly, the HHSC concluded, Appellant failed to exhaust its administrative remedies, depriving the trial court of subject-matter jurisdiction. *See* Tex. Gov't Code § 2001.145(a); 1 Tex. Admin. Code § 357.498(c).

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). For purposes of jurisdiction in this case, the Administrative Procedure Act (APA) permits a party that has exhausted all of its administrative remedies and is aggrieved by a final agency decision in a contested case to seek judicial review of the agency's decision. *See* Tex. Gov't Code § 2001.171. To exhaust its administrative remedies, a party must timely file a motion for rehearing with the agency. *See* Tex. Gov't Code § 2001.145(a); *City of Jacksboro v. Two Bush Cmty. Action Grp.*, No. 03-10-00860-CV, 2012 WL 2509804, at *3 (Tex. App.—Austin June 28, 2012, pet. denied) (mem. op.) ("If a party does not timely file a motion for rehearing [with an agency], the trial court lacks subject-matter jurisdiction over a suit for judicial review of the agency's decision.").

The HHSC's plea to the jurisdiction implicates the merits of Appellant's petition for judicial review and declaratory-judgment claim by contending that, contrary to Appellant's assertion, the NPT Order properly corrected clerical errors rather than judicial errors. Accordingly, in reviewing the propriety of the trial court's ruling on the HHSC's plea to the jurisdiction, we must adjudicate the merits of the central dispute—whether the error was judicial or clerical—because it is a legal question subject to de novo review. *See Miranda*, 133 S.W.3d at 227–28 (noting that standard for reviewing plea to jurisdiction mirrors that of summary judgment and, when jurisdictional challenge implicates merits of cause of action, court may make determination on

7

merits in absence of any fact issues); *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986) ("[T]he decision whether an error in a judgment is judicial or clerical is a question of law.").

As the HHSC urged the Appeals Division to do in its Motion for Nunc Pro Tunc Order, we look to the Texas Rules of Civil Procedure and case law construing them for guidance in determining whether Appellant's motion for rehearing was timely in light of the NPT Order. *See* 1 Tex. Admin. Code § 357.481(a), (b)(2), (3) (Texas Health & Human Servs. Comm'n, Application of this Subchapter) (2019) (providing that when APA or HHSC's rules do not specifically address procedures of administrative hearings, ALJ "may . . . apply the Texas Rules of Civil Procedure . . . or determine that the matter at issue is governed by other law").

Rule 316 permits a court to render a judgment nunc pro tunc to correct a clerical error that was made in the "entry" of a judgment but not to correct a judicial error made in the "rendition" of a judgment. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970); *see In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (per curiam) ("A trial court may correct clerical errors in a judgment even after its plenary power has expired. . . . But it must correct judicial errors within thirty days of judgment or not at all."); *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam) (same); *see also Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912) ("The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded.").

A clerical error is a mistake or omission preventing a judgment, as entered in the official record, from accurately reflecting the judgment as it was actually rendered. *Fiske v. Fiske*,

No. 01-03-00048-CV, 2004 WL 1847368, at *5 (Tex. App.—Houston [1st Dist.] Aug. 19, 2004, no pet.) (mem. op.) (citing *Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28, 29–30 (Tex. 1971)). "A clerical error results from inaccurately recording the decision of the court," and the correction of a clerical error "does not effect a substantive change" in the original judgment. *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.). When a prior judicial determination is evidenced, but the signed judgment inaccurately reflects the true decision of the court, the error is clerical and may be corrected by a nunc pro tunc order. *Andrews*, 702 S.W.2d at 586. A judicial error, on the other hand, "occurs in the *rendering* as opposed to the *entering* of a judgment." *Escobar*, 711 S.W.2d at 231. Judgments nunc pro tunc "cannot substantively change a final order," and "a substantive change occurs when a judicial error is corrected because such an error results from judicial reasoning and determination." *Dickens*, 957 S.W.2d at 659.

When deciding whether a correction is of a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should have been rendered. *Escobar*, 711 S.W.2d at 232. "The salient distinction between 'clerical' and 'judicial' errors lies in the exercise of the judgmental offices of the court. A clerical error is one which does not result from judicial reasoning or determination." *Andrews*, 702 S.W.2d at 585.

Appellant contends that the error corrected by the NPT Order (changing the amount of recoupment from $5,400 to $63,611)[1] was judicial because it "substantively changed" the judgment. *See Southern Union Gas Co. v. Railroad Comm'n*, 690 S.W.2d 946, 948 (Tex. App.—Austin 1985,

---

[1] Appellant does not take issue with the other change made in the NPT Order—the change to the incorrect recitation of the hearing date.

writ ref'd n.r.e.) (holding that subsequent order of Commission, which on party's motion for rehearing changed implementation date of energy rates from date in prior order, was applicable "final order" for purposes of timelines for motions for rehearing). We disagree. The issue does not turn upon the degree of change but the reason for or source of the change.

In the May 24 Final Order's concluding paragraph, the ALJ *first* rendered judgment "that the Informal Review of adjustments to Appellant's 2006 Cost Report **IS SUSTAINED**. . . ." Finding of Fact No. 7—which Appellant does not challenge—provided the recoupment amount demanded in the Informal Review Decision: "On November 17, 2010, HHSC notified Appellant that it had completed the Informal Review and reduced the amount that it would recoup to $63,611.00." However, the second half of the May 24 Final Order's concluding paragraph incorrectly stated the Informal Review recoupment amount as "$5,400.00." Because the Final Order's concluding paragraph had already rendered judgment *sustaining* the recoupment amount in the Informal Review Decision, which Appellant does not contest was $63,611,[2] the concluding paragraph's subsequent incorrect recitation of the recoupment amount could only have been a clerical error. Correcting the subsequent recitation of the erroneous recoupment amount of $5,400 to the correct amount of $63,611 to harmonize with the antecedent clause "sustain[ing]" the Informal Review Decision did "not involve additional judicial reasoning" on the part of the ALJ.[3] *See Andrews*,

---

[2] A copy of the Informal Review Decision, indicating the HHSC's recoupment demand in the amount of $63,611, was admitted without objection as an exhibit at the administrative hearing.

[3] The ALJ's Finding of Fact 20 and Conclusion of Law 3 additionally support the Final Order's "sustain[ing]" the Informal Review Decision's recoupment amount, stating, respectively: "HHSC properly adjusted line 181 of Appellant's Cost Report . . . ." and "HHSC correctly adjusted Appellant's 2006 Cost Report . . . ." No Findings of Fact or Conclusions of Law conflicted with the rendition "sustaining" the Informal Review Decision.

10

702 S.W.2d at 585–86. The correction merely ensured that the NPT Order accurately reflected the ALJ's decision in the May 24 Final Order to "sustain" the recoupment amount in the "Informal Review of adjustments."

We determine that *Southern Union Gas Company*, which Appellant cites, is distinguishable because the change made to the prior order in that case—a change to the effective date of implementation of new energy rates—was not a mere clerical error made to accurately reflect the judgment actually rendered but was a change to the judgment actually rendered. *See* 690 S.W.2d at 948–49. The change made in the NPT Order here is more akin to the change held to be the correction of a clerical order in *Daniels v. Commission for Lawyer Discipline*, No. 05-02-01636-CV, 2003 WL 1878840, at *1–2 (Tex. App.—Dallas Apr. 16, 2003, pet. denied) (per curiam) (mem. op.) (holding that judgment suspending lawyer from practicing law for three years with "first thirty days being active suspension" that also provided specific dates of active suspension spanning total of *thirty-one* days was properly corrected by nunc pro tunc to specify that active suspension period was actually thirty-one days, to harmonize with dates of suspension "clearly specified" in original judgment). While the May 24 Final Order specified a recoupment amount "for adjustments to [Appellant's] 2006 Cost Report," it also "sustain[ed]" the "Informal Review['s] adjustments to Appellant's 2006 Cost Report." The NPT Order's correction of the recoupment amount ensured that the official administrative record "accurately reflected" the judgment as rendered by the ALJ: sustaining the Informal Review Decision. *See Fiske*, 2004 WL 1847368, at *5.

The record contains clear and convincing evidence that the NPT Order correcting the amount of recoupment to which the HHSC is entitled was a mere clerical correction of the

11

"inaccurate recording" of that amount in the May 24 Final Order. *See In re Cherry*, 258 S.W.3d at 334 ("A judgment nunc pro tunc should be issued only if the record is clear and convincing that a clerical error was made."); *Dickens*, 957 S.W.2d at 659 ("[W]hen an error results from inaccurately recording the decision of the court, the error is *clerical*."). Accordingly, the ALJ properly issued the NPT Order, which is not void.[4] *See* Tex. R. Civ. P. 316; *Andrews*, 702 S.W.2d at 585–86.

Furthermore, the effective date of the NPT Order relates back to the date of the May 24 Final Order, and Appellant's motion for rehearing—filed more than 20 days after the May 24 Final Order—was untimely. *See Charles v. Texas Prop. & Cas. Ins. Guar. Ass'n*, No. 03-06-00404-CV, 2007 WL 700841, at *1 (Tex. App.—Austin Mar. 6, 2007, pet. denied) (mem. op.) (holding that order nunc pro tunc correcting clerical errors did not extend deadlines for filing notice of appeal from original order); *Daniels v. Commission for Lawyer Discipline*, 142 S.W.3d 565, 572 (Tex. App.—Texarkana 2004, no pet.) ("A nunc pro tunc judgment, although signed later, relates back to the date of the original judgment and is effective as of the earlier date."); *Gonzales*, 762 S.W.2d at 278 (holding that entry of judgment nunc pro tunc "did not extend the time in which to perfect appeal"); *see also* 1 Tex. Admin. Code § 357.498(c) (providing that motion for rehearing must be filed within 20 days of presumed receipt of final order). Having failed to timely file a motion for

---

[4] We note that even if we were to hold that the NPT Order were void—or, alternatively, had the ALJ not issued the NPT Order at all—the HHSC would be entitled to recoup the full $63,611, as any court asked to enforce the May 24 Final Order would be bound to construe the Final Order as the NPT Order did, authorizing the HHSC to recoup the full $63,611 as "sustain[ed]" by the Appeals Division. *See Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam) ("A judgment should be construed as a whole toward the end of harmonizing and giving effect to all the court has written."); *Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971) (noting that when construing ambiguous orders, "[t]he entire contents of the instrument and record should be considered [and t]he judgment is to be read as a whole").

12

rehearing, Appellant did not exhaust its administrative remedies, and the trial court was without jurisdiction over Appellant's suit for judicial review. *See* Tex. Gov't Code § 2001.145(a); *City of Jacksboro*, 2012 WL 2509804, at *3.

We reach the same conclusion with respect to Appellant's declaratory-judgment claim, which sought relief redundant to that provided by Appellant's suit for judicial review of the NPT Order. *See Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) ("When a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies."); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009) (holding that UDJA "does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature"); *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970) ("As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties in which may be adjudicated the issues involved in the declaratory action."). Accordingly, the trial court properly granted the HHSC's plea to the jurisdiction with respect to all of Appellant's claims.[5]

## CONCLUSION

We affirm the trial court's grant of the HHSC's plea to the jurisdiction.

---

[5] Because we conclude that the trial court properly granted the HHSC's plea to the jurisdiction and properly dismissed Appellant's claims, we need not consider the court's alternate ruling granting the HHSC's motion for summary judgment. *See* Tex. R. App. P. 47.1.

13

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Goodwin and Baker

Affirmed

Filed:   June 6, 2019

14